## HELEN L. WALKER *versus* AUGUSTUS WHITING.

A testator bequeaths to his wife an annuity, to be paid to her by the trustee named in the will ; the remainder of his estate of every kind, after payment of his debts, he devises and bequeaths to his daughters, their heirs and assigns ; and if all of them should die under age and without issue, he gives and bequeaths all the estate given to them and with which said trustee shall be then chargeable, to his wife, if living, her heirs and assigns ; and the purposes for which the annuity is given to his wife are, to enable her to live comfortably and support and educate her said children, and if, in any one year, the annuity, in the judgment of the trustee, shall be insufficient for those purposes, he shall pay her an additional sum for that year ; and if she shall marry, the trustee shall not pay the annuity thereafter accruing, unless the husband shall give bond to each of the children who may then be living, and under age, conditioned for their support and education, and if such bond should not be given, or its conditions should not be performed, the trustee shall appropriate so much of the funds in his hands as he shall judge proper, for the support and education of the children ; and so soon as either of the children shall come of age, such child shall be entitled to the payment or possession of her devise or legacy, reserving a fund sufficient for the payment of the annuity, or otherwise compounding for the same as the trustee shall be able to do ; and the testator appoints the defendant to be trustee under the will, and executor thereof; and the executor is directed and empowered, at his discretion, to sell a particular parcel of the testator's real estate. The greater part of the testator's property was real estate, and his personal estate was not sufficient to discharge his debts. It was *held*, that the real estate was devised to the trustee by implication, and that the widow's remedy was against him for the recovery of her annuity.

BILL in equity to recover two quarterly instalments of an annuity bequeathed to the plaintiff by her deceased husband, Charles Walker, of Framingham, physician.

The answer admits, that Charles Walker, on or about the 30th of December, 1838, made his last will, containing the following provisions.

1. I give and bequeath to my wife, Helen L. Walker, my household furniture, my wearing apparel and all my other goods and chattels in and about my dwellinghouse, excepting my horses, carriages, farming utensils, and whatever belongs to the use of the barn.

2. I also give and bequeath to her, an annuity of $1000, to commence at my decease, and to be paid to her quarterly during her life by the trustee hereinafter named, for the purposes hereinafter expressed.

3. (Bequest of a watch to a nephew.)

4. The remainder of my estate of every kind, after paying

Walker
v.
Whiting.

all just claims against my estate, I devise and bequeath to my children, Martha B. Walker, Leslie W. Walker, and Anna G. Walker, to them, their heirs and assigns forever. If either of them should die, under age, and without issue, her share is hereby devised and bequeathed to the survivor or survivors, her, or their heirs or assigns forever. If the last survivor should die under age and without issue, I give and bequeath all the estate herein given to my children, and with which said trustee shall be then chargeable, to my said wife, if living, her heirs and assigns forever; otherwise to such persons as shall be heirs at law to said last survivor, to be distributed among them according to the law of inheritance, their heirs and assigns forever.

5. The purposes, for which said annuity is given to my said wife, are to enable her to live comfortably and in easy circumstances without dependence on any one, and to enable her to support and educate her said children in such manner as, in her judgment, will best insure their happiness. And if, in any one year, the said annuity, in the judgment of said trustee, shall be insufficient for those purposes, he shall pay her an additional sum, not exceeding $ 1000, for that year.

6. If my said wife should die while any of said children are under age and unmarried, the duties aforesaid as to their support and education shall devolve on said trustee.

7. If either of said children should marry under age, said trustee may pay to her such part of her share, not exceeding $ 1000, as he, with the advice and consent of my said wife, if living, shall think expedient, and, on such marriage she shall be released from all further expense on account of such child, unless she shall choose otherwise, and she is hereby appointed the guardian of said children until they shall marry or come of age, without giving bond therefor.

8. If my said wife shall marry, said trustee shall not pay the annuity thereafter accruing, or any part thereof, unless the husband shall give bond to each of said children, who may then be living, and under age, with sureties to the satisfaction of said trustee, conditioned for their support and education, as my said wife shall direct agreeably to the provisions aforesaid. and if such bond should not be given, or if the conditions of

the bond should not be performed, said trustee shall appropriate so much of the funds in his hands, as he shall judge proper, for the support and education of said children agreeably to the provisions of the will, keeping a distinct account for the expenses of each child.

Walker
v.
Whiting.

9. So soon as either of said children shall come of age, she shall be entitled to the payment or possession of her said devise or legacy ; reserving a fund sufficient for the payment of said annuity or otherwise compounding for the same, as said trustee may be able to do.

10. I do hereby appoint Augustus Whiting, of Haverhill, in the county of Essex, physician, to be trustee under this will and also the executor thereof, and said executor is hereby directed and empowered to sell at his discretion my real estate in Framingham, and also to make sale of the goods and chattels about my dwellinghouse, excepting such as are herein specifically bequeathed.

11. If for any cause, the said Whiting should not accept of said office of trustee ; or if said office should ever be vacant, so that it should be necessary to appoint some other person, the trustee, so appointed, shall have the same power, discretion and personal trust, as is herein given to the said Whiting, and in making such appointment the court of probate is respectfully requested to regard the wishes of my said wife, so far as may be consistent with its duty, and if any person should be appointed administrator of my estate, with this will annexed, such person shall have power as herein given to my said executor.

The answer further admits, that the testator died on the 20th of January, 1839 ; that on the 19th of February the defendant proved the will in the probate court, and took upon himself the execution thereof, and accepted the office of trustee ; that the testator, at the time of making his will and until and at the time of his death, was seised and possessed of real estate inventoried at $ 17,142, and personal estate inventoried at $ 7,050·88 ; and the defendant avers that the personal estate was insufficient to pay the debts of the testator ; and he denies that he is now in possession of, or has ever received, any property, real or personal, as trustee, or

Walker
v.
Whiting.

out of which the annuity is to be paid, or `that any fund for this purpose has ever been given to him, unless it has been given to him or has come into his possession under and by the will; in which case he admits his liability to pay the annuity, so far as this Court shall decide that property, either real or personal, is given to him under and by the will, in his capacity of trustee.

*Jan. 14th, 1840, at Boston.*

On a hearing upon the bill and answer, *S. Minot,* for the plaintiff, cited *Bush* v. *Allen,* 5 Mod. 63 ; *Purdie* v. *Whitney,* 20 Pick. 25 ; *Baker* v. *Dodge,* 2 Pick. 619 ; *Bullard* v. *Goffe,* 20 Pick. 252 ; *Farwell* v. *Jacobs,* 4 Mass. R. 635 ; *Oates* v. *Cooke,* 3 Burr. 1684 ; *S. C.* 1 W. Bl. 543.

*G. Minot,* for the defendant, insisted that the trustee had no fund in his hands for the payment of the annuity ; that the real estate was not expressly devised to him, neither did it pass by implication, within the authority of the cases on this subject ; and that the plaintiff must pursue her remedy under the provisions of law concerning annuities charged upon real estate. *Bush* v. *Allen,* 5 Mod. 63 ; *Rathbone* v. *Dyckman,* 3 Paige, 27 ; *Doe* v. *Woodhouse,* 4 T. R. 89 ; *Forster* v. *Walker,* 2 Leon. 165 ; *Goodright* v. *Parker,* 1 Maule. & Selw. 692 ; *Doe* v. *Cundall,* 9 East, 400 ; *Anthony* v. *Rees,* 2 Crompt & Jerv. 75 ; *Carpenter* v. *Colins,* Yelv. 73 ; *Lancaster* v. *Thornton,* 2 Burr. 1027 ; 2 Wms's Saund. 11, note 17 ; 22 Amer. Jurist, 439, cites 1 Rice, 54 ; 8 Vin. Abr. 356 ; *Jackson* v. *Schauber,* 7 Cowen, 187 ; *Trent* v. *Hanning,* 7 East, 99 ; *S. C.* 1 New Rep. 116 ; *S. C.* 1 Dow's Parl. Cas. 102 ; *Warter* v. *Hutchinson,* 1 Barn. & Cressw. 721.

WILDE J. afterward drew up the opinion of the Court. The only question arising on the bill and answer depends on the construction to be given to the last will and testament of Charles Walker, by which he gave and bequeathed to his wife, the present plaintiff, among other things, an annuity of $ 1000, to commence at his decease, and to be paid to her quarterly during her life, by the defendant, whom he appointed executor and trustee for the purposes mentioned in his will.

The defendant, in his answer, avers that the whole personal estate is necessary for the payment of the testator's just debts ; which the plaintiff does not controvert ; so that unless by the

will the real estate was devised to the defendant in trust, there is no trust fund in his hands, from which the instalments demanded can be paid. There is no express devise of the real estate to the trustee, and the only question is whether he took an estate in trust by implication of law.

The rule of construction in this respect is, that a devise may be implied, if such appears to have been the intention of the testator, if that may be done consistently with the rules of law.

The intention of the testator is to be collected from the whole will, and if it appears that the will cannot be carried into effect without implying a devise, it will be implied by law. But the intention must be clear, and the implication necessary, according to the language and import of the will. A doubtful intention is not sufficient.

These rules of construction are reasonable, and are well established by the cases cited. 13 Hen. 7. 17. 22 ; *Gardner* v. *Sheldon*, Vaughan, 263 ; *Oates* v. *Cooke*, 3 Burr. 1684 ; *Willis* v. *Lucas*, 1 P. Wms. 472 ; *Aspinall* v. *Petvin*, 1 Sim. & Stu. 550 ; *Trent* v. *Hanning*, 7 East, 97 ; *Bush* v. *Allen*, 5 Mod. 63 ; *South* v. *Allen*, ibid. 98; Com. Dig. *Estates by Devise*, *N*12.

We are then to consider, whether a devise of the real estate to the trustee, must be implied, in order to effectuate the intention of the testator, as manifested by the various provisions of his will; and we are of opinion that such an implication is necessary.

It was manifestly the intention of the testator to make a suitable provision for his wife in the first place, to be secured to her at all events, unless she should marry, and in such case the annuity was to be continued, provided the husband should give bond to each of his children who might be then living, and under age, with sureties to the satisfaction of the trustee, conditioned for their support and education, as the wife should direct, agreeably to the provisions of the will ; and if such bond should be given, or if the condition of the bond should not be performed, said trustee was to appropriate so much of the funds in his hands as he should judge proper for the support and education of the children agreeably to the provisions

27 *

Walker
v.
Whiting.

of his will.    In a prior clause of the will the testator declaies, that "the purposes, for which said annuity is given to my said wife, are to enable her to live comfortably and in easy circumstances, without dependence on any one, and to enable her to support and educate her said children in such manner as, in her judgment, will best insure their happiness.    And if, in any one year, the said annuity, in the judgment of said trustee, shall be insufficient for those purposes, he shall pay her an additional sum, not exceeding $ 1000, for that year."    These clauses in the will show very clearly, how important the testator considered the provisions for his wife to be, not only for her comfort, but for the comfort, education, and happiness of his children.    And he must be presumed to have known the value of his personal property and the amount of his debts ; at least nearly, so as to know that the provision for his wife could not be carried into effect without recourse to his real estate.    We must, therefore, infer that he intended to charge his whole estate, real and personal, in the hands of the trustee, for the security of his wife.

It was argued for the defendant, that there might be a charge on the estate without implying any estate in the trustee. But most certainly this was not the intention of the testator. He intended that his will should be executed and his estate distributed by the trustee.    He was to pay the annuity to the plaintiff, and by one of the clauses above referred to, if, in any one year, the said annuity, in his judgment, should be insufficient for the purposes for which it was given, he was to pay her an additional sum, not exceeding $ 1000.    And by another clause in the will he was authorized, with the advice and consent of the plaintiff, to pay to either of the children a part of her share, not exceeding $ 1000, if she should marry under age.    These provisions show very clearly, that the testator intended that the trustee should have the control and distribution of his estate, real as well as personal.    He could not be so ignorant of the value of his personal property as to suppose, that it would be sufficient to enable the trustee to discharge his various trusts, after the payment of his debts ; which, as it has proved, were sufficient to absorb the whole personal estate, so that the trusts cannot be executed, unless the legal title in the real estate passed to the trustee.

Walker<br>
<i>v.</i><br>
Whiting.

It was objected in the argument, that there was an express devise to the testator's children, which rebutted the devise by implication to the trustee. But this devise was evidently intended to be subject to the trust. It was a devise of the remainder of the estate, after paying all just claims thereon ; and if all the children should die under age and without issue, then all the estate given to the children, and " with which the trustee should be then chargeable," was given to the plaintiff, if then living, otherwise to the heirs at law of the last surviving child. The language of this clause of the will shows very clearly, that the devise to the children was subject to the trusts, and was not to take effect until after the trusts were fully executed. We are therefore of opinion, that the intention of the testator to give to the trustee the whole of his estate, for the purposes of the trust created by his will, is plainly manifested by the clauses referred to ; and consequently, that the legal title to the real estate passed to the trustee by necessary implication.

<i>Decree in favor of the plaintiff.</i>